UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHAT BUI,

    Plaintiff,

v.                                                               Case No. 18-13520

MILTON MANUFACTURING, INC.,

    Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On March 23, 2021, the court issued an opinion and order granting, in part, Defendant's "Motion for Summary Judgment." (ECF No. 23.) While the court declined to exercise supplemental jurisdiction over a single state law claim, it granted summary judgment for Defendant on all other claims. (*See id.*) Plaintiff, Phat Bui, now proceeding *pro se*, brings a "motion to disallow" the court's opinion. (ECF No. 30.) The motion appears to actually be a motion for reconsideration, and the court will construe it as such. (*See id.*) Plaintiff argues that summary judgment should be denied, because the court misconstrued the evidence in reaching its decision. The court does not hold hearings on motions for reconsideration. *See* E.D. Mich. LR 7.1(h)(2). The motion will be denied.

**I. DISCUSSION**

For the reasons discussed below, the court finds that it lacks jurisdiction to consider the motion for reconsideration. Even if the court could consider the motion,

1

Plaintiff has failed to meet the standard necessary to prevail on a motion for reconsideration.

### A. Lack of Jurisdiction

The court lacks jurisdiction to decide Plaintiff's present motion because a notice of appeal has already been filed. (*See* ECF No. 26.) A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects . . . involved in the appeal." *Finley v. McCullick*, No. 2:17-CV-11976-TGB, 2021 WL 1923440, at *1 (E.D. Mich. May 13, 2021) (Berg, J.) (quoting *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)).

Once a notice of appeal has been filed, the district court cannot amend a previous opinion upon a motion for reconsideration. Under Sixth Circuit precedent, a petitioner deprives the district court of jurisdiction by filing a notice of appeal before the court has a chance to decide a motion for reconsideration. *See Finley*, 2021 WL 1923440, at *1-2; *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Similarly, if a motion for reconsideration is filed after the notice of appeal, it will also be denied for lack of jurisdiction. *See Aldridge v. City of Warren*, No. 15-CV-12366, 2016 WL 9224894, at *2 (E.D. Mich. June 9, 2016) (Levy, J.).

Plaintiff has already filed a notice of appeal; therefore, his subsequent motion for reconsideration must be denied. Like *Marrese, Workman,* and *Albridge*, jurisdiction over the present motion for reconsideration was divested the moment the notice of appeal was filed and the motion must be denied.

### B. Failure to Meet the Motion for Reconsideration Standard

Even assuming *arguendo* that the court could reach the merits of the motion, Plaintiff cannot prevail under the local rule governing a motion for reconsideration. To prevail, Plaintiff "must not only demonstrate a palpable defect . . . but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3); *see also Indah v. U.S. Sec. & Exch. Comm'n*, 661 F.3d 914, 924 (6th Cir. 2011) (explaining that this standard requires movant demonstrate both the "palpable defect" and "different disposition" elements). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (Borman, J.) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001) (Lawson, J.)).

Plaintiff argues that the court misconstrued the words of his direct supervisor, Hayes, as being in response to Plaintiff's public insubordination. (*See* ECF No. 30-1, PageID.776.) Plaintiff contends Hayes must have been motived by Plaintiff's race when he yelled at Plaintiff in front of coworkers during a morning team meeting. (*Id.*) Specifically, Plaintiff argues that the record shows that he did not actually engage in such insubordination, because Plaintiff ultimately completed the training assignment as required. However, this point does not rebut the court's conclusion that a reasonable jury could find only that Hayes's words were a response to Plaintiff's public insubordination made prior to the training being completed. (*See* ECF No. 23, PageID.738.) Further, even if the court assumes Plaintiff is correct that the court's conclusion represents a defect, it cannot change the disposition of the case. The court's opinion already explained that this single incident of harassment would be insufficiently

3

"pervasive" to meet the "high bar" of Title VII. (*Id.*, PageID.741.) Accordingly, Plaintiff fails to meet the applicable standard under Local Rule 7.1(h)(3).

## II. CONCLUSION

The court lacks jurisdiction to decide this motion for reconsideration. Moreover, Plaintiff failed to demonstrate either a palpable defect in the court's decision, or that such a defect would have changed the disposition of the case. Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration (ECF No. 30) is DENIED.

                                                  s/Robert H. Cleland                /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated: June 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 7, 2021, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner                    /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\18-13520.BUI.MotionForReconsideration.SM.AAB.docx